United States District Court
Southern District of Texas
**ENTERED**
June 26, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH MARKS, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:25-cv-01248 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| CLINICHEK CORP, | § | |
| d/b/a Doctors Review | § | |
| Services, | § | |
| Defendant. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Joseph Marks proceeds here *pro se*. He seeks a declaration that a pre-employment drug-test classification by Defendant Clinichek Corporation, d/b/a Doctors Review Services, is unlawful, along with an injunction to compel Defendant to "remove the erroneous positive test from the FMCSA Clearinghouse immediately and notify the FMCSA that the report was made in error, taking all necessary steps to correct the record." Dkt 1 at 4; see also Dkt 2 at 4 (motion for preliminary injunction). He asserts that the alleged "misclassification of Plaintiff's drug test result" by Defendant constitutes arbitrary and capricious agency action under 5 USC §706(2)(A). See Dkt 1 at 3.

Defendant filed a motion to dismiss, asserting that the claim under the Administrative Procedure Act fails because it isn't an agency capable of taking a final agency action. Dkt 12. Plaintiff filed a motion for summary judgment arguing that Defendant operated "with federally assigned authority," thus making it an agency under the Administrative Procedure Act, with its actions being "final agency actions" eligible for judicial review. Dkt 18 at 6–7.

The matter was referred for disposition to Magistrate Judge Dena Hanovice Palermo. Dkt 9. She issued a Memorandum and Recommendation, in which she recommended that (i) the motion to dismiss by Defendant be granted, and (ii) the motions by Plaintiff for a preliminary injunction and summary judgment be denied as moot. Dkt 21.

Plaintiff filed an objection, to which Defendant responded. Dkts 22 & 26; see also Dkt 27 (reply).

Plaintiff also filed a motion for certification of interlocutory appeal and "notice regarding appellate implications of adopting report and recommendation." Dkts 24 & 25. And so, Judge Palermo issued a second Memorandum and Recommendation to address motion for certification of interlocutory appeal, recommending that it be denied. Dkt 29. Plaintiff filed an objection. Dkt 31. And he has since filed a "Notice of Unaddressed Ultra Vires Claim." Dkt 33.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

The Memoranda and Recommendations are clear, thorough, and reasoned, while addressing all arguments raised or properly at issue. No clear error appears upon review and consideration of the Memoranda and Recommendations, the record, and the applicable law. It is also noted that certain quotes attributed to the Fifth Circuit by Plaintiff in his objections don't appear to exist. See Dkt 22 at 2; see also Dkts 24 at 3 & 25 at 2 (repeating same quote in supplemental filing).

The Memoranda and Recommendations of the Magistrate Judge are ADOPTED as the Memorandum and Order of this Court. Dkts 21 & 29.

The objections by Plaintiff Joseph Marks are OVERRULED. Dkts 22 & 31.

The motion by Defendant Clinichek Corporation to dismiss this action is GRANTED. Dkt 12.

The motions by Plaintiff Joseph Marks for preliminary junction and for summary judgment are DENIED AS MOOT. Dkts 2 & 18.

The motion for certification of interlocutory appeal is DENIED. Dkt 24.

This civil action is DISMISSED WITH PREJUDICE. Dkt 1.

A final judgment will enter separately.

While leave to seek interlocutory appeal was denied, for the avoidance of doubt, Plaintiff may now proceed with appeal in the usual course.

SO ORDERED.

Signed on June 26, 2025, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge

3